# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANDRE WINGO,**
        **Plaintiff,**

      v.                                        Case No. 13-CV-00550

**ANDREA RICH and GLENDA MEEKS,**
        **Defendants,**

---

## DECISION AND ORDER

Plaintiff filed a complaint in Milwaukee County Circuit Court. On May 15, 2013, defendants removed the action to this court. They subsequently filed a motion to dismiss, which is before me now.

## I. BACKGROUND

Plaintiff filed a civil rights complaint against Andrea Rich and Glenda Meeks, both probation/parole agents employed by the State of Wisconsin Department of Corrections (the "Department"). On February 11, 2013, Rich detained plaintiff and placed him in custody upon investigation that plaintiff violated the conditions of his probation. According to plaintiff, under the Wisconsin Statutes and internal Department procedures, Rich was required to obtain approval from Meeks before detaining plaintiff. However, Rich did not seek approval from Meeks or have Meeks verify her decision to detain plaintiff from February 11, 2013 through March 9, 2013. Meeks knew that plaintiff was in custody and that she had not given approval through departmental procedure for Rich to detain plaintiff during the investigation of whether plaintiff had violated the conditions of his probation.

On February 12, 2013, Rich obtained a statement from plaintiff in the course of the investigation into whether plaintiff had violated the conditions of his probation. Rich and

Meeks then denied plaintiff a preliminary hearing because they claimed he had admitted the allegations against him. Instead, on February 19, 2013, the Department requested a hearing from the Division of Hearings and Appeals alleging that plaintiff had violated the conditions of his probation.

On March 8, 2013, an administrative law judge ("ALJ") reviewed plaintiff's statement and determined that it did not admit any of the allegations brought by the Department. The ALJ determined that plaintiff's statement was not evidence that he had violated the conditions of his probation. A hearing was held on March 21, 2013, and the ALJ issued an order on April 3, 2013. The ALJ determined that the Department (through Meeks and Rich) did not provide evidence proving that plaintiff had violated the conditions of his probation.

Plaintiff alleges that he was denied due process because: (1) he was detained without authorization; (2) he was not given a preliminary hearing; and (3) the Department provided no evidence that plaintiff had violated the conditions of his probation. He asks for monetary damages.

## II. DISCUSSION

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a short and plain statement of the claim showing that he is entitled to relief. Erickson v. Pardus, 551 U.S. 89, 93 (2007). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

For the purposes of a motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Erickson, 551 U.S. at 94. However, the plaintiff is obligated to provide more than labels and conclusions and a "formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555 (internal citations omitted). Rather, the complaint allegations "must be enough to raise a right to relief above the speculative level." Id.

Additionally, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Defendants submit that plaintiff's complaint should be dismissed because he failed to state a claim upon which relief may be granted. Defendants correctly note that there is no federal constitutional claim for malicious prosecution. Newsome v. McCabe, 256 F.3d

747, 750 (7th Cir. 2001). However, plaintiff has clearly framed his claims as three different violations of his rights under the due process clause of the Fourteenth Amendment. Defendants further argue that plaintiff's complaint does not include critical factual allegations and also that Rich and Meeks are protected by qualified immunity.

Parole and probation agents, as well as their supervisors, are entitled to absolute judicial immunity for any quasi-judicial functions they perform as part of revocation proceedings. Smith v. Gomez, 550 F.3d 613, 617–18 (7th Cir. 2008). In Smith, the Seventh Circuit concluded that the decision to place a parole hold on a parolee was "undoubtedly well within the ambit of their absolute immunity." Id. at 619. This absolute immunity applied to the parole agent and his supervisor. Id. The same is true here. Even if defendants did not follow Department policy with regard to prior approval for revocation from a supervisor, they are entitled to absolute immunity for the decision to place a parole hold on Wingo.

Moving on to plaintiff's second claim, an individual on parole or probation has a protected liberty interest associated with his status as a parolee or probationer. See Morrissey v. Brewster, 408 U.S. 471, 482 (1972) (parole); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (probation). Consequently, parole or probation may not be revoked without providing due process of the law. Id. A probationer or parolee is entitled to a preliminary hearing soon after the individual's initial detention and a final revocation hearing that must meet certain procedural due process standards before a final decision is made on revocation. Morrissey, 408 U.S. at 485–88; Gagnon, 411 U.S. at 782. The purpose of the preliminary hearing is "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." Morrissey, 408 U.S. at 485. The hearing must occur "as promptly as

convenient after arrest" and "someone not directly involved in the case" must make the probable cause determination. Id.

However, the right to a preliminary hearing is not absolute. See, e.g., U.S. v. Sciuto, 531 F.2d 842, 846 (7th Cir. 1976) (preliminary hearing required only where probationer held in custody pending final revocation hearing); U.S. v. Saykally, 777 F.2d 1286, 1287 n.2 (7th Cir. 1985) (preliminary hearing not required if notice of revocation is filed while probationer is detained pursuant to another criminal charge or sentence imposed for a subsequent offense). And a preliminary hearing is not required when a probationer has admitted to violating the terms of his release. Starnes v. Markley, 343 F.2d 535, 537 (7th Cir. 1965); see also U.S. v. Holland, 850 F.2d 1048, 1050–51 (5th Cir. 1988) (preliminary hearing not required when probationer admits committing acts that violate the conditions of his probation).

According to the complaint, defendants did not give plaintiff a preliminary hearing because they claimed he had admitted to violating the terms of his release. Plaintiff, however, denies admitting to any wrongdoing and states that the ALJ agreed with him when he reviewed the statement plaintiff had given to defendants. These allegations are sufficient to state a claim for relief under the due process clause. The statement plaintiff gave to defendants is not in record, so I am unable to evaluate its contents. If it was clear from this statement that plaintiff had not admitted the allegations against him, then defendants may be liable for denying him a preliminary hearing. If, however, defendants reasonably believed that plaintiff's statement admitted the allegations against him, they may be entitled to qualified immunity.

Defendants claim they are entitled to qualified immunity right now, but I disagree. Dismissal of a § 1983 suit under Rule 12(b)(6) "is a delicate matter that district courts should approach carefully." Jacobs v. City of Chicago, 215 F.3d 758, 765 n.3 (7th Cir. 2000). The question of qualified immunity should be decided at the earliest possible stage because it is the ability to be free from suit, not merely a defense from liability. Id. The notice pleading requirement of Rule 8 does not, however, require a plaintiff to anticipate the assertion of qualified immunity by the defendant and plead allegations that will defeat that immunity. Id. And this is the type of case where "the existence of qualified immunity will depend on the particular facts of a given case." Id. In such a case,

> the plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity. (Of course, if the plaintiff does go beyond the requirements of Rule 8 and plead extensive facts in anticipation of an assertion of immunity, he may run the risk of pleading himself out of court.)

Id. Here, the issue of qualified immunity will turn on the contents of plaintiff's statement and whether defendants reasonably believed that the statement constituted an admission, despite the ALJ's later decision to the contrary. This analysis will require consideration of evidence outside the pleadings. Therefore, I will deny defendants' motion to dismiss this claim and allow the facts to develop.

Plaintiff's last claim is that the Department presented no evidence that he had violated the conditions of his probation. He bases this claim on the ALJ's conclusion in his favor after the revocation hearing. Plaintiff received the due process required by the Fourteenth Amendment during the revocation hearing, and the process produced a result

6

in his favor. This does not constitute a constitutional violation of his due process rights. Quite the opposite. This is an example of the process working to protect plaintiff's rights.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss (Docket #2) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that defendants shall file an answer to plaintiff's complaint within 14 days of this order, pursuant to Fed. R. Civ. P. 12(a)(4)(A).

Dated at Milwaukee, Wisconsin, this 4th day of March, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge