# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANDRE WINGO,**
        **Plaintiff,**

    v.                                      Case No. 13-CV-00550

**ANDREA RICH and GLENDA MEEKS,**
        **Defendants,**

## DECISION AND ORDER

Now before me are defendants' motion to stay discovery and for protective order and plaintiff's motion for default judgment.

In their motion, defendants informed me that they would be seeking summary judgment on qualified immunity grounds and that no discovery would be necessary for summary judgment to be briefed on those grounds. They therefore ask me to stay all discovery pending resolution of defendants' anticipated summary judgment motion, subject to plaintiff establishing after the motion is submitted that he has an actual need for limited and targeted discovery to be able to response to the motion. They also ask me to stay, pending resolution of the summary judgment motion, defendants' obligation to respond to discovery requests received from plaintiff on April 10, 2014.

In his response, plaintiff argues: (1) the defendants will not be entitled to qualified immunity under the "custom or usage" theory pursuant to 42 U.S.C. § 1983; (2) he is entitled to discovery because he will either move for cross-summary judgment or summary judgment; (3) the Rooker-Feldman doctrine compels this court to stand by the state court judgment; and (4) the defendants' motion is solely for delay of discovery. These are

arguments on the merits of defendants' claims of qualified immunity, not in opposition to a stay of discovery until the motion for summary judgment is resolved.

"The basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009). "With this purpose in mind, the Supreme Court has instructed that trial courts not only may but should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery." Landstrom v. Illinois Dept. Of Children and Family Services, 892 F.2d 670, 674 (7th Cir. 1990). I consider a stay of discovery pending resolution of defendants' motion for summary judgment appropriate and will grant defendants' motion to stay.

Plaintiff also filed a motion for default judgment as to the defendants based on their failure to comply with his discovery requests. Although a stay is not officially in effect until the motion to stay is granted, defendants were justified in waiting to answer plaintiff's discovery requests on the merits of the case until I decided their motion to stay. Additionally, default judgment was an extreme remedy to request when plaintiff had not even filed a motion to compel discovery first. I will deny plaintiff's motion for default judgment.

Defendants filed their motion for summary judgment on July 31, 2014, but plaintiff never filed a response. In fact, plaintiff's only communication with the court since that time was a notice of change of address received August 18, 2014. Under the applicable procedural rules, which were served on plaintiff with the motion for summary judgment, plaintiff's response should have been filed August 30, 2014. Parties are expected to comply with the procedures and dates specified in the rule without involvement of the court.

Nevertheless, I will give plaintiff a final chance to respond to defendants' arguments regarding qualified immunity. Failure to file a timely response will result in dismissal of this case for failure to prosecute

**THEREFORE, IT IS ORDERED** that defendants' motion to stay discovery (Docket #17) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment as to the defendants (Docket #21) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall file his response to defendants' motion for summary judgment on or before **Monday, March 16, 2015**. Failure to file a response by that date will result in dismissal of this case for failure to prosecute pursuant to Civil Local Rule 41(c) (E.D. Wis.) (copy enclosed) and Federal Rule of Civil Procedure 41(b).

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2015.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

## Civil Local Rule 41(c)
## Dismissal for Lack of Diligence

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.